UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **LaQUINTON McCRAY**<br>    LA. DOC. # 488093<br>VS. | **CIVIL ACTION NO. 08-0691**<br><br>**SECTION P**<br><br>**JUDGE JAMES** |
| **JACKSON PARISH CORRECTIONS CENTER**<br>**ET AL.** | **MAGISTRATE JUDGE HAYES** |

### REPORT AND RECOMMENDATION

*Pro se* plaintiff LaQunton McCray, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on May 16, 2008. Plaintiff, an inmate in the custody of Louisiana's Department of Public Safety and Corrections, is currently incarcerated at the Avoyelles Parish Jail, Marksville, Louisiana; however, he complains that he was denied a nutritious vegetarian diet during the period of time that he was incarcerated at the Jackson Parish Corrections Center (JPCC). Plaintiff seeks monetary damages in the amount of $30,000 and the suspension from employment of the defendants, JPCC Warden David Yelverton and Dietitian Karen Stout, pending a full investigation. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous pursuant to the provisions of 28 U.S.C. § 1915(d)(2)(B)(i) and § 1915A(b)(1)**.**

### *Statement of the Case*

In October 2007, plaintiff, an LDOC inmate, was transferred to JPCC. Upon his arrival

he was issued a "vegetarian identification card" based upon his assertion that such a diet was required by his religion.

On March 13, 2008, he complained to Karen Stout, the prison dietician, that a vegetarian meal had not been prepared for him. She advised him to eat what was prepared or return to his dorm room. Plaintiff asked to speak to the Warden, however, Lieutenant Stewart advised him that the Warden was away. When plaintiff complained again about the meals at JPCC, Stewart ordered him to "face the wall." Plaintiff refused and was placed in lock-down where he remained until March 25, 2008; on that date he was transferred to his present place of confinement.[1]

According to plaintiff he has had similar problems in the past. He claimed that on Thanksgiving Day, 2007, he was provided four apples for lunch and four apples for dinner. At other times he received salad and a dinner roll.

*Law and Analysis*

*1. Screening*

When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2

---

[1] This information was provided by the Louisiana Department of Public Safety and Corrections Inmate Locator Service. See http://www.corrections.state.la.us/view.php?cat=10&id=64

F.3d 114, 115 (5th Cir.1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, but they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Furthermore, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Plaintiff's complaint, though brief, alleges facts sufficient to conduct and conclude a preliminary screening pursuant to §1915. Accepting all of plaintiff's allegations as true, the undersigned concludes, for the reasons stated hereinafter, that his complaint is frivolous.

*2. Cruel and Unusual Punishment*

Plaintiff was incarcerated at the JPCC for less than six months – from some time in October 2007 until March 25, 2008 when he was transferred to his present place of confinement. Read liberally, plaintiff contends that he missed a meal on March 13, 2008. Prior to that, he claimed that he was provided only apples for Thanksgiving day 2007, and that on some unspecified days he received a salad and dinner roll for his meal. The Eighth Amendment, which prohibits the imposition of cruel and unusual punishment, requires that inmates be provided well-balanced meals with sufficient nutritional value to preserve health. *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir.1999). Thus, if the alleged deprivation of food does not deny a prisoner the "minimal measure of life's necessities," it does not violate the Constitution. *Id.* (quoting *Talib v. Gilley*, 138 F.3d 211, 213 n. 3 (5th Cir.1998). The fact that an inmate misses an occasional meal does not necessarily implicate the inmates's constitutional rights. See *Palmer v. Johnson*, 193 F.3d 346, 352 (5th Cir.1999); *Green v. Ferrell*, 801 F.2d 765, 770 (5th Cir.1986); see also *Talib v. Gilley*, 138 F.3d 211, 214 n. 3 (5th Cir.1998) ("Missing a mere one out of every nine meals is hardly more than that missed by many working citizens over the same period.").

Plaintiff has alleged that he missed one meal; he complains that on other occasions he was fed salad and a roll, and that on Thanksgiving he was given apples. He does not state any additional facts that would indicate that he faced a substantial risk of harm because of the incidents. Accordingly, he has failed to state a cognizable claim against defendants arising from his deprivation of several meals. *Oladipupo v. Austin*, 104 F.Supp.2d 626, 640 (W.D.La. 2000); *Talib v. Gilley, supra.* His claim is clearly frivolous.

Additionally, plaintiff, who described no physical injury resulting from the conditions complained of, has prayed for monetary damages of $30,000. Title 42 U.S.C. § 1997e was amended by the Prison Litigation and Reform Act of 1996. Under the current version of the statute, prisoners are barred from recovering monetary damages for mental or emotional injuries "unless there is a prior showing of physical injury." *Crawford-el v. Britton*, 523 U.S. 574, 596, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998). The "physical injury" required by § 1997e(e) must be more than *de minimis* but need not be significant. *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir.1999) (citing *Siglar v. Hightower*, 112 F.3d 191 (5th Cir.1997). Plaintiff has alleged no physical injury resulting from the manner in which the defendants chose to honor his desire for a vegetarian diet. Clearly then, it must be assumed that plaintiff seeks damages for mental or emotional damages. Since plaintiff has not alleged even *de minimis* physical injuries his claim for monetary damages as compensation for the mental injuries is legally without merit. See *Herman v. Holiday*, 238 F.3d 660, 666 (5th Cir.2001) (holding that a plaintiff was not entitled to money damages as a matter of law on his claim for mental and emotional stress due to an increased risk of illness, cold showers, cold food, unsanitary dishes, insect problems, inadequate clothing, and the presence of an open cesspool near the housing unit because he did not allege any physical injuries resulting therefrom); *Harper*, 174 F.3d at 719 (finding that a prisoner complaining about his placement in administrative segregation failed to demonstrate a physical injury as required by § 1997e(e) sufficient to support a claim for monetary damages); *Alexander v. Tippah County, Mississippi*, 351 F.3d 626, 630-31 (5th Cir.2003), *cert. denied*, 541 U.S. 1012, 124 S.Ct. 2071, 158 L.Ed.2d 623 (2004) (nausea and vomiting caused by raw sewage on floor of jail cell was *de minimis* ).

***3. Due Process Concerns***

Plaintiff also implies that he was wrongfully confined to lock down at JPCC from March 13 – March 25, 2008. He implies that his confinement in lock down violated his right to due process. By virtue of a valid criminal conviction and subsequent legal confinement, a prisoner loses his expectation of liberty. See *Meachum v. Fano*, 427 U.S. 215, 224, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976). Nevertheless, plaintiff implies that his due process rights were violated when prison officials placed him in administrative segregation for a period of one week. This allegation, taken as true for the purposes of this Report, fails to state a claim for which relief might be granted pursuant to 42 U.S.C. §1983 because "[t]he Due Process Clause does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner." *Sandin v. Conner*, 515 U.S. 472, 478, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). The federal jurisprudence holds that, while the states may under certain circumstances create rights that implicate Due Process, such rights are limited to freedom from restraints that impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484.

Thus, relying on *Sandin*, the Fifth Circuit has found that "'administrative segregation, without more, simply does not constitute a deprivation of a constitutionally cognizable liberty interest.' " *Pichardo v. Kinker*, 73 F.3d 612, 613 (5th Cir.1996) (quoting *Luken v. Scott*, 71 F.3d 192, 193 (1995)) (rejecting claim that confinement in administrative segregation violated prisoner's due process rights). The Fifth Circuit has also rejected a state prisoner's claim that the additional restrictions imposed on those in administrative segregation violated his due process

rights. *Martin v. Scott*, 156 F.3d 578, 580 (5th Cir.1998) (per curiam). Therein the court stated " 'absent extraordinary circumstances, administrative segregation as such, being an incident to the ordinary life of a prisoner, will never be a ground for constitutional claim because it simply does not constitute a deprivation of a constitutionally cognizable liberty interest." ' *Id.* at 580 (quotation omitted).

In other words, when a prisoner is lawfully incarcerated, he loses many of the rights and privileges that most citizens enjoy. *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir.1997). Thus, "... mere[ ] changes in the conditions of [ ] confinement ... do not implicate due process concerns." See *Madison*, 104 F.3d at 768; see also *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir.1999) ("Inmates have no protectable property or liberty interest in custodial classifications."). Plaintiff's claims regarding his confinement in lock down are not "atypical" and thus fail to state a claim for which relief might be granted.

Accordingly,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous pursuant to the provisions of 28 U.S.C. § 1915(d)(2)(B)(i) and § 1915A(b)(1).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days**

**following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglass v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

In Chambers at Monroe, Louisiana, July 14, 2008.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE